[Civ. No. 838. First Appellate District.—December 5, 1910.]

## E. R. MORGAN, Appellant, v. W. J. NESBITT, Sheriff of Monterey County, Respondent.

CONVERSION OF MORTGAGED PERSONAL PROPERTY—SPECIAL ISSUES—FINDING AS TO INVALIDITY—GENERAL VERDICT—CONSISTENCY—CONSTRUCTION.—In an action against a sheriff for the conversion of mortgaged personal property attached and sold under execution for a creditor of the mortgagor, where the jury found upon sufficient evidence that the sum of $449.90, part of the mortgage, was advanced to pay a prior valid mortgage, and rendered a special and general verdict for that sum, but found upon special issues against other items included in the mortgage, a mere negative finding as to the validity of the mortgage as a whole, raising the question whether or not a mortgage would be void as to creditors, where only the good faith of the mortgagee is called in question, is to be construed in connection with all the special findings and general verdict, and so construed, an inconsistency claimed between the findings and general verdict because of such negative finding does not exist.

ID.—ERRONEOUS JUDGMENT — REVERSAL.— Where, because of such asserted inconsistency between the findings and the general verdict, the court erroneously rendered a judgment for the defendant, and it appearing that under the evidence and the admissions in the case,

the jury could not have intended that the plaintiff should have a verdict for any less sum than $449.90, and as the plaintiff is satisfied with a judgment for that amount, the judgment will be reversed with directions to the trial court to enter judgment in favor of plaintiff upon the general verdict, for that sum.

APPEAL from a judgment of the superior court of Monterey County, and from an order setting aside a general verdict of a jury. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Daugherty & Lacey, for Appellant.

Sargent & Bardin, and P. E. Zabala, for Respondent.

KERRIGAN, J.—This is an action to recover damages for the conversion by defendant of certain personal property, upon which the plaintiff held mortgages.

The case was tried by a jury, and a general verdict was rendered in favor of plaintiff for the sum of $449.90, but by reason of a special finding of the jury the trial court held that the general verdict was overcome, and judgment was entered for defendant.

The defendant is the sheriff of Monterey county, and the alleged conversion arose in the manner following: Prior to and' on January 15, 1907, D. T. Van Lue was the owner of a number of horses upon which Worthington Parsons held a mortgage, and upon which there was due the sum of $449.90, and on the last-named date, by agreement with the said Van Lue, the plaintiff advanced that sum of money and satisfied Parson's mortgage, and plaintiff accepted from Van Lue a new mortgage for the sum of $1,000.

According to the testimony of the plaintiff and Van Lue, this mortgage was to secure the payment of the amount advanced in liquidation of the Parsons mortgage, also an indebtedness of $115 owing by Van Lue to plaintiff for goods sold and delivered and for money advanced in the sum of forty dollars. Their testimony also shows that at the time of the execution of this mortgage Van Lue was indebted to Parsons upon a note in a further sum of $250, given in payment for a racing horse, and that it was agreed that plaintiff was to advance this amount to Van Lue to enable the latter

to take up this note should Parsons press for its payment. Further sums were also to be advanced by plaintiff to Van Lue with which to purchase hay for his stock.

On August 21, 1908, Van Lue executed to plaintiff a second mortgage to cover future advances to Van Lue, to be made for the purpose of enabling the latter to defray the expenses of training the racehorse above mentioned.

In October following the Wahrlich-Cornett Company commenced an action in the superior court of Monterey county against Van Lue for the sum of $1,836.73, and attached the property described in said mortgages. Judgment was obtained in that action in favor of said company, and a writ of execution was issued, under which the sheriff levied upon and eventually sold the property, on the theory that the mortgages were not made in good faith, but with the intent to hinder, delay and defraud creditors of Van Lue, and consequently void as to them.

On the trial of the present action plaintiff asked judgment for the sum of $604.90, consisting of the $449.90 paid to satisfy the Parsons mortgage, the sum of $115 due for merchandise, and the forty dollars, money advanced, waiving judgment for any further amount under the first mortgage and for any amount that might be due under the second mortgage.

The one fact upon which all parties seem to agree is that plaintiff did pay off the Parsons mortgage. Parsons himself testified that plaintiff gave him a check on the Bank of Palo Alto for $449.90 about a year and a half before the commencement of this action. The general manager of the attaching creditor also testified that the Parsons mortgage was not a fraudulent one.

The jury, in answer to certain special issues, rejected the items of forty dollars and $115, and in answer to another special issue and by their general verdict found that the plaintiff was entitled to recover $449.90.

One of the special issues, which is negative in character, standing alone, lends color to the contention of appellant that it is inconsistent with the general verdict; but when all the special issues and the general verdict are read and construed together—as they should be—it is clear that the jury intended to find that the plaintiff had a valid lien on the mortgaged property to the extent of $449.90. If we were to accept the con-

struction placed upon the special and general verdicts contended for by the defendant, the question would be presented whether or not a mortgage would be void as to creditors where only the good faith of the mortgagee was called in question. We think, however, that when the answer to the special issue and the general verdict are construed together the inconsistency claimed by defendant does not exist.

Under the evidence and admissions in the case the jury could not have intended that the plaintiff should have a verdict for any less amount than $449.90; and as the plaintiff will be satisfied with a judgment for that amount we think the general verdict should be allowed to stand.

The judgment and order are reversed, with directions to the trial court to enter judgment in favor of plaintiff upon the general verdict.

Cooper, P. J., and Hall, J., concurred.